UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

DAVID K. MATHENY,

    Plaintiff,

v.                                      Civil Action No. 2:16-cv-09304

L.E. MYERS CO.,
a foreign corporation, and
APPALACHIAN POWER COMPANY,
a foreign corporation d/b/a
American Electric Power,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to supplement his motion to amend the complaint and motion for partial summary judgment against the L.E. Myers Co. ("motion to supplement"), filed October 25, 2017.

### I. Background

This case arises from injuries sustained by plaintiff, David Matheny, on July 18, 2016, when he was assisting in the demolition of a steel tower as an employee of The L.E. Myers Co. ("L.E. Myers").

Mr. Matheny's motion to supplement seeks to add additional evidence in support of both his pending motion to amend the complaint[1] as well as his pending motion for partial summary judgment[2] against L.E. Myers. Plaintiff asserts that the newly offered support was only obtained pursuant to Judge Tinsley's order granting plaintiff's motion to compel entered October 4, 2017. See ECF No. 165. The motion to compel was filed on June 6, 2017, approximately two months before he filed his motion to amend the complaint. See ECF Nos. 58 and 102. Filings on the motion to amend the complaint were completed on August 29, 2017. Filings on the motion for partial summary judgment were completed on October 2, 2017. As such, any documents obtained as a result of Judge Tinsley's order could not have been included in support of either of plaintiff's motions.

Plaintiff specifically wishes to add a Job Specific Safety Analysis, which he asserts provides added information relevant to MYR Group's knowledge of the danger involved in the method of tower dismantling performed by Mr. Matheny. He

---

[1] Plaintiff's motion to amend the complaint was filed on August 8, 2017. The proposed amendments include the addition of five defendants and one additional claim for intentional spoliation.
[2] Plaintiff's motion for partial summary judgment was filed on September 11, 2017. He seeks summary judgment against The L.E. Myers Co. on his claim of deliberate intent brought pursuant to W. Va. Code § 23-4-2(d)(2)(B).

claims, therefore, that the recently obtained evidence provides further support for both the addition of MYR Group as a defendant in this action and the pending summary judgment on deliberate intent against L.E. Myers.

The time for briefing on plaintiff's motion to supplement elapsed without response from either defendant.

## II. Legal Standard

There appears to be no controlling decision on the propriety of allowing a party to supplement the evidence in support of either a motion to amend a complaint or a motion for summary judgment after it has become ripe for review. Courts have applied various standards to requests for a motion to supplement a summary judgment record with additional evidence.

The Third Circuit permits supplementation when new material is not merely cumulative or corroborative of evidence already in the record, and if the new material creates a new question of material fact that may impact the ruling. See Edwards v. Pa. Tpk. Comm'n, 80 F. App'x. 261, 265 (3d Cir. 2003). Other courts compare such a motion to a request for relief from judgment and apply the standard of Fed. R. Civ. P. 60(b), though the rule relates to final judgments, allowing supplementation of a summary judgment record when doing so

provides the court with "newly discovered evidence that, with reasonable diligence, could not have been discovered earlier." Pepper v. JC Penney Corp., No. 2:07-cv-1781, 2008 U.S. Dist. LEXIS 88494, at *6 (W.D. Wash. Oct. 16, 2008); see Fed. R. Civ. P. 60(b)(2). Finally, some courts allow additional evidence when the request is not made in bad faith and will not result in prejudice to the other parties. See Brown v. Hertz, 2011 U.S. Dist. LEXIS 127226, at *8 (S.D. Ill. Nov. 3, 2011).

### III. Discussion

It is proper to allow plaintiff to supplement his motions with the additional evidence under any of these three theories of review. As previously noted, plaintiff only received the evidence he now proposes to add to the record after Judge Tinsley granted his motion to compel against L.E. Myers. See ECF No. 165. Plaintiff pursued this information with reasonable diligence, but did not have access to it at the time of filing his motion to amend the complaint and motion for partial summary judgment. Additionally, the proffered evidence is not merely cumulative of other evidence submitted in support of his motion to amend the complaint. Finally, neither defendant has responded to Mr. Matheny's motion to supplement, let alone asserted that the supplementation was made in bad faith or results in prejudice to them. The use of information

received by an order granting plaintiff's motion to compel is not prejudicial to the defendants and has not been sought in bad faith.

### IV. Conclusion

In accordance with the foregoing discussion, it is ORDERED that plaintiff's motion to supplement be, and it hereby is, granted.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

                ENTER: February 26, 2018

                John T. Copenhaver, Jr.
                United States District Judge