UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DAVID K. MATHENY,

    Plaintiff,

v.                                        Civil Action No. 2:16-cv-9304

THE L.E. MYERS CO.,
a foreign corporation, and
APPALACHIAN POWER COMPANY,
a foreign corporation d/b/a
American Electric Power

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are objections, filed by defendant The L.E. Myers Co. ("L.E. Myers") on October 18, 2017, to Magistrate Judge Dwane L. Tinsley's order, entered October 4, 2017. This order granted plaintiff David K. Matheny's motion to compel, ECF No. 58, and awarded plaintiff his costs, including attorney's fees, associated with the resolution of that motion. ECF No. 165.

### I. Background

At the hearing on plaintiff's motion to compel, held before Judge Tinsley on September 27, 2017, counsel advised the court that the only outstanding discovery issue is one that is related to the discovery of documents through the identification

of search terms and account custodians.  Judge Tinsley's order instructed Mr. Matheny to provide L.E. Myers with search terms and account custodians by September 28, 2017, and for L.E. Myers to provide the results of those search terms and account custodians within ten days of receipt of the discovery request. ECF No. 165 at 2-3.  Plaintiff was further instructed to file an affidavit of his reasonable expenses, including attorney's fees, incurred in making his motion, by October 11, 2017, and L.E. Myers was permitted to respond within seven days.  Id. at 4.

L.E. Myers objects both to the granting of plaintiff's motion to compel and to the award of costs associated with that motion.  L.E. Myers contends that Mr. Matheny never provided specific search terms before the hearing, so defendant had no obligation or ability to respond to that request.  Def.'s Objections to Magistrate Judge's Order ("Def.'s Objs."), ECF No. 177 at 2.  Further, the account custodians had already been identified and agreed upon over three months prior to the hearing.  Id.  This, L.E. Myers asserts, makes both the granting of the motion to compel and the award of fees inappropriate. Id.

In response, Mr. Matheny states that he had previously offered to provide search terms to L.E. Myers, but that defendant represented it would provide a comprehensive list of search terms, and that after this provision, Mr. Matheny would identify and provide additional terms. Pl.'s Resp. Def.'s Objs. at 2 ("Pl.'s Resp."); Ex. 2 Pl.'s Mot. Compel ECF No. 58; Ex. 1 Pl.'s Reply ECF No. 67. Because L.E. Myers never provided plaintiff with the final comprehensive list of search terms, he was unable to submit his search terms to them. Pl.'s Resp. at 2; Transcript of Hr'g Pl.'s Mot. Compel ("Transcript") at 11. Despite not having plaintiff's search terms, L.E. Myers did conduct searches of at least some custodian accounts and provided two batches of documents to Mr. Matheny, the second of which was produced the night before the hearing, approximately one month after the close of discovery. Transcript at 7-10, 15; see ECF No. 37. Finally, at the time of the hearing, plaintiff did not know which of the custodians had theretofore been searched and if any had not yet been searched at all. Transcript at 11.

## II. Discussion

Pursuant to Fed. R. Civ. P. 72(a), this court will modify or set aside a nondispositive order of the magistrate judge based on the timely objection of a party only if such order is clearly erroneous or contrary to law.

Based on a review of the record, the court concludes that the magistrate judge's order was not clearly erroneous or contrary to law. In considering plaintiff's motion, Judge Tinsley reviewed the briefs, exhibits, and arguments of the parties at the hearing, and noted the "pattern of delay" exhibited by L.E. Myers in responding to plaintiff's discovery requests. ECF No. 165 at 2. The observation of L.E. Myers' "pattern of delay" was ostensibly based on the partial production of documents up to the evening before the hearing and plaintiff's need to file a previous motion to compel to prompt discovery responses from L.E. Myers. Transcript 6-7, 19; see ECF Nos. 32, 33, 34.

L.E. Myers' assertions do not amount to the required showing that the magistrate judge's order was clearly erroneous or contrary to law. Even if the custodian accounts had been discussed and agreed upon by the parties before the hearing, the requested documents from those accounts were not fully produced

4

during the course of discovery, and plaintiff did not know which, if any, of the custodian accounts still needed to be searched. Furthermore, L.E. Myers failed to furnish a comprehensive list of search terms, as agreed by it, resulting in plaintiff's delay in provision of additional search terms, as found by Judge Tinsley.

The court, accordingly, ORDERS that the order entered by Judge Tinsley on October 4, 2017 and objected to by L.E. Myers be, and it hereby is, affirmed except that the question of costs, including attorney fees, is yet to be determined.

It is further ORDERED that this matter is again referred to Judge Dwane L. Tinsley for the purpose of determining the question relating to costs, including attorney fees.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

DATED: February 26, 2018

John T. Copenhaver, Jr.
United States District Judge