```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA

                            AT CHARLESTON

DAVID K. MATHENY,

        Plaintiff,

v.                                       Civil Action No. 2:16-cv-09304

L.E. MYERS CO.,
a foreign corporation, and
APPALACHIAN POWER COMPANY,
a foreign corporation d/b/a
American Electric Power,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to amend the complaint, filed August 8, 2017.

## I. Background

This case arises from injuries sustained by plaintiff, David Matheny, on July 18, 2016, when he was assisting in the demolition of a steel tower as an employee of The L.E. Myers Co. ("L.E. Myers"). The tower was a ninety-year-old, 100 foot tall steel lattice transmission tower located in the Kanawha State Forest that was owned and operated by Appalachian Power Company, doing business as American Electric Power ("APCo"). Pl.'s Compl. ¶¶ 7-9. To dismantle the tower, David Matheny and his crew were instructed to climb up the tower, approximately twenty to thirty

1

feet off the ground, to remove the structural support bolts. *Id.* at ¶¶ 13-14. During this process, the tower suddenly collapsed. *Id.* at ¶ 16. Mr. Matheny was thrown from the falling tower from a height of approximately thirty feet, resulting in his injuries. *Id.* at ¶ 17. He suffered an open fracture to his leg, blood loss, a broken hand, collapsed lung, and injuries to his head and other areas of his body as a result of the fall. *Id.* Mr. Matheny has undergone significant medical treatment including multiple surgeries and hospitalizations since the date of injury. *Id.* at ¶ 19.

At the outset of this action, Mr. Matheny brought one count against each of the named defendants, L.E. Myers and APCo. Against his employer, L.E. Myers, Mr. Matheny asserts a claim for deliberate intent pursuant to W. Va. Code § 23-4-2. *Id.* at ¶ 24. Against APCo, he alleges negligent conduct in the breach of various duties related to planning and executing the tower deconstruction. *Id.* at ¶¶ 33-48.

Plaintiff now wishes to amend his complaint to add five additional defendants and two additional claims. In particular, he seeks to assert a new claim against L.E. Myers for intentional spoliation of evidence, to bring a claim for negligence against MYR Group, Inc. ("MYR Group"), the parent company of L.E. Myers, and to add four additional American Electric Power-related

2

entities to his negligence claim against APCo: American Electric Power Company, Inc. ("AEP"), AEP West Virginia Transmission Company, Inc. ("AEP WV Transmission"), AEP Transmission Company, LLC ("AEP Transmission"), and American Electric Power Service Corporation ("AEP Service") (together, "AEP defendants").

Mr. Matheny asserts that new information gained through discovery gives rise to the inclusion of the additional claims and parties. Pl.'s Mem. Supp. Mot. Amend at 3 ("Pl.'s Mem.").

L.E. Myers opposes the motion to amend the complaint to add both the intentional spoliation claim against it, and the negligence claim against its parent company, MYR Group. L.E. Myers asserts that both amendments would be futile. L.E. Myers states that plaintiff cannot maintain a claim for spoliation of evidence and that such a claim would be barred by the Worker's Compensation Act.

L.E. Myers further claims that plaintiff is precluded from bringing a negligence claim against MYR Group because, it argues, the parent company should also be afforded Worker's Compensation immunity pursuant to W. Va. Code § 23-2-6. L.E. Myers states that this immunity should apply because the parent group can be considered plaintiff's employer. L.E. Myers also asserts that MYR Group should be considered plaintiff's employer because MYR Group had the authority to direct and control

plaintiff's activities.  Similarly, L.E. Myers claims that MYR Group was plaintiff's employer because other employees of MYR Group who provided on-site safety-related services were the agents or representatives of L.E. Myers.

Finally, L.E. Myers also takes issue with the timing of plaintiff's motion.  Mr. Matheny filed his motion to amend the complaint several months after the deadline for amendments set in this court's scheduling order.  Allowing this late amendment, L.E. Myers contends, would be prejudicial because defendants do not have an opportunity to conduct discovery to oppose the new claims being raised.

APCo opposes the motion to amend the complaint to add the four additional related entities as defendants.  APCo states that plaintiff was aware of the proposed defendants' relation to the project, on which Mr. Matheny was working when injured, well before the filing of the motion to amend the complaint, thus making his motion dilatory.  Specifically, APCo contends that plaintiff knew of AEP Service's involvement as early as January and at latest by the end of April of 2017.  Plaintiff also had documents from OSHA identifying OSHA's investigation of AEP, AEP Transmission, and AEP WV Transmission for the July 18, 2016 accident by April 2017.

## II. Legal Standard

"The district courts have applied a two-step analysis for use when a motion to amend the pleadings is made after the deadline set in the scheduling order has passed: (1) the moving party must satisfy the good cause standard of Rule 16(b), and (2) if the movant satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." 3-16 Moore's Federal Practice - Civil § 16.13 (2015); see also Hawkins v. Leggett, 955 F.Supp.2d 474, 497-99 (D. Md. 2013) (stating and applying two-part test). This analysis has emerged because litigants seeking to amend their pleadings outside the court's deadlines for doing so must effectively modify the scheduling order under Rule 16 as well. Thus, "[a]lthough leave to amend a complaint should be 'freely give[n] [. . .] when justice so requires,' Fed. R. Civ. P. 15(a)(2), 'after the deadlines provided by a scheduling order have passed, the good cause standard [of Fed. R. Civ. P. 16] must be satisfied to justify leave to amend the pleadings.'" RFT Mgmt. Co., LLC v. Powell, 607 F. Appx. 238, 242 (4th Cir. 2015) (alterations added and in original) (quoting Nourison Rug Co. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008)); see also Montgomery v. Anne Arundel County, 182 Fed. Appx. 156, 162 (4th Cir. May 3, 2006) (affirming denial of amendment based on Rule 16 standard where scheduling order deadline had passed).

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery, 182 F. App'x. at 162; see also Hawkins, 955 F.Supp.2d at 498 ("The movant satisfies the good cause requirement by showing that, despite diligence, the proposed claims could not have been reasonably brought in a timely manner."); 3 Moore's Federal Practice § 15.14(1)(b), at 16–72 (Matthew Bender 3d ed.) ("[I]t seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change.").

If the proposed amendment passes the Rule 16(b) test, Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires," which has been held to disallow an amendment "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison, 535 F.3d at 298 (citing HCMF Corp. v. Allen, 238 F.3d 273, 276–77 (4th Cir. 2001)). An "amendment [is] futile when the proposed amended complaint fails to state a claim," Van Leer v. Deutsche Bank Sec., Inc., 479 F. Appx. 475, 479 (4th Cir. 2012)(citation omitted), or when it otherwise "fails to satisfy the requirements of the federal rules," United States ex rel. Wilson v. Kellogg Brown &

Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008))(rejecting complaint for failure to state a claim as well as for lack of sufficient particularity under Rule 9(b))(citation omitted).

### III. Discussion

As stated previously, the purpose of plaintiff's amendment is to add four additional AEP defendants to his negligence claim against APCo, assert a claim for negligence against MYR Group, and assert one additional claim, for spoliation, against current defendant, L.E. Myers.

### A. 16(b) Good Cause

Pursuant to this court's original scheduling order, the parties had until December 30, 2016 to join additional parties or amend the pleadings. ECF No. 16. The schedule in this case was modified on March 14, 2017, but no additional time was given for an amendment or joinder of parties. See ECF No. 37.

Following the filing of this action on October 3, 2016, plaintiff states that he "promptly began engaging in discovery." Pl.'s Mem. at 2. The proposed amendments all result from information obtained throughout discovery. During the course of discovery, plaintiff states there were various "issues and delay in receipt of sufficient response from defendants." Id. These "issues" include discovery disputes, delays in scheduling

7

depositions, and identification of related entities who may be liable for plaintiff's injuries.  See Id. at 2-3, 9-11.  Some of these "issues" were the subject of plaintiff's three motions to compel, two of which were heard before Magistrate Judge Tinsley on September 27, 2017, and one of which was ultimately granted by the order of October 4, 2017.  See ECF Nos. 32, 58, 62, 152, 164, 165.

Despite the submission of the motion to amend the complaint well after the deadline set in the scheduling order, Mr. Matheny's proposed amendments meet the "good cause" standard required by Fed. R. Civ. P. 16(b)(4).  Both defendants contest the timeliness of plaintiff's motion.

Defendant L.E. Myers raises general concerns with the propriety of an amendment after the close of discovery, particularly for the proposed additional defendants.  Def. L.E. Myers' Resp. Pl.'s Mot. Amend at 7-8 ("Def. L.E. Myers' Resp.").  However, where "good cause" exists, a court may modify the scheduling order even to reopen discovery.  Fed. R. Civ. P. 16(b)(4); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) ("[A] district court has wide latitude in controlling discovery . . . .").  Furthermore, necessary information related to plaintiff's claim against MYR Group was obtained by him as recently as October 2017 pursuant to an order granting his motion to compel against L.E. Myers.  See ECF No. 165.

Defendant APCo contends that plaintiff's motion is dilatory as to the proposed addition of the four AEP entities. It asserts that plaintiff knew of the potential involvement of all four additional AEP defendants by April 21, 2017. Def. APCo's Resp. Pl.'s Mot. Amend at 6-7 ("Def. ApCo's Resp."). Furthermore, APCo states that the corporate structure and relationship of the AEP defendants "would have been readily available to [plaintiff] at any time on [AEP's] website or through various governmental agencies." Id. at 8.

Plaintiff replies that he "diligently pursued efforts to decipher not just the identity of other AEP-related entities, but their actual involvement with respect to the subject [tower] project." Pl.'s Reply to Def. APCo's Resp. at 3. Plaintiff made requests for admissions and sought such information through interrogatories regarding the corporate structure of the AEP defendants. Id. at 2-4. Through no apparent fault of plaintiff, and even though he had already filed his motion to amend the complaint, depositions of the representatives of AEP entities did not take place until August 14 and 17, 2017. Id. at 3. Plaintiff thus asserts that he diligently pursued information about AEP entity involvement throughout the course of discovery. Id. at 5-6.

The court is satisfied that plaintiff diligently pursued information leading to this motion to amend the complaint throughout the discovery process. Plaintiff has thereby met the "good cause" standard of Fed. R. Civ. P. 16(b)(4).

### B. 15(a)(2)

A motion to amend a complaint should be denied "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison, 535 F.3d at 298 (citing HCMF Corp. v. Allen, 238 F.3d 273, 276–77 (4th Cir. 2001)). Each of plaintiff's proposed amendments will be considered in turn.

#### i. Intentional Spoliation against L.E. Myers

Plaintiff wishes to assert a claim for intentional spoliation of evidence related to an alleged prior tower collapse that plaintiff asserts was "nearly identical" to his own experience. Pl.'s Mem. at 7. In discovery, L.E. Myers stated that they had "no records pertaining to the alleged . . . incident . . . involving another tower." Email from M. Baldwin to B. Ware (June 20, 2017), Ex. 1 to ECF No. 64. Plaintiff believes that this lack of evidence regarding the alleged collapse of another tower clearly indicates that L.E. Myers intentionally destroyed this evidence, intentionally altered the evidence so that it could not be linked to an incident with the prior tower, or

intentionally avoided the creation of documentary evidence about the collapse and destroyed the physical evidence of the fallen tower. Pl.'s Mem. at 8; Pl.'s Reply to Def. L.E. Myers' Resp. at 9.

L.E. Myers contends that plaintiff's proposed claim for intentional spoliation is futile. Def. L.E. Myers' Resp. at 5. Amendment of a complaint is futile when the proposed amendment would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), <u>Perkins v. United States</u>, 55 F.3d 910, 917 (4th Cir. 1995), but "conjecture about the merits of the litigation should not enter into the decision [of] whether to allow amendment," <u>Davis v. Piper Aircraft Corp.</u>, 615 F.2d 606, 613 (4th Cir. 1980).

> [T]he tort of intentional spoliation consists of the following elements: (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages.

<u>Hannah v. Heeter</u>, 213 W. Va. 704, 717 (2003). Defendant L.E. Myers states that plaintiff cannot meet all of these elements. Yet even if plaintiff ultimately fails on this claim, his proposed

First Amended Complaint viably pleads the elements of the tort and cannot be said to be futile at this time. See Ex. A to Pl.'s Mot. Amend at ¶¶ 93-101 ("Proposed Am. Compl").

### ii. Negligence Claim against MYR Group

Plaintiff proposes to add defendant MYR Group, the parent of L.E. Myers, to this action and asserts a claim of negligence against it. He alleges that MYR Group independently assumed a duty to ensure work on the project was done safely but recklessly placed unqualified individuals on the job site to monitor safety in breach of its duty; and he claims that this breach proximately caused his injuries. Pl.'s Mem. at 5-6.

L.E. Myers argues that this proposed amendment is futile because MYR Group is immune from suit by virtue of the West Virginia Workers' Compensation Act unless the injuries were inflicted with deliberate intention. Def. L.E. Myers' Resp. at 1-2. Defendant L.E. Myers bases MYR Group's immunity on (1) L.E. Myers' contention that MYR Group employees present at the worksite were agents and representatives of L.E. Myers, and (2) L.E. Myers' assertion that, "to the extent that MYR Group controlled the actions of [p]laintiff, it is also considered his 'employer.'" Id. at 2-3.

Covered employers are generally immunized from suits for damages "at common law or by statute" resulting from work-related injuries. W. Va. Code § 23-2-6. This immunity extends to "every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intent." W. Va. Code § 23-2-6a.

"Generally the words of a statute are to be given their ordinary and familiar significance and meaning" when not defined in the statute itself. Wetzel v. Emplrs. Serv. Corp., 221 W. Va. 610, 615 (2007) (quoting Syl. Pt. 4, State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars of the United States, 144 W. Va. 137 (1959)). An "agent is one who represents another . . . in dealings with third persons. He is one who undertakes some business or to manage some affair for another by authority of or on account of the latter and to render an account of it." Id. (citations omitted).

Plaintiff alleges that MYR Group placed several employees on site during the course of the tower project to "provide safety supervision over the project," and "independently monitor and ensure safety of the work being performed. Proposed Am. Compl. ¶ 78. While it is possible that these individuals could have been agents working on behalf of the subsidiary, L.E.

Myers, it is equally possible that these individuals were conducting independent monitoring for the independent benefit of MYR Group. To the extent that a factual dispute exists as to the relationship between L.E. Myers and the MYR Group safety monitoring employees, the proposed amendment is not futile. See Thompson v. Stuckey, 171 W. Va. 483, 487 (1983) (citing Syl. Pt. 2, Laslo v. Griffith, 143 W. Va. 469 (1958)).

As to the assertion that plaintiff was an employee of MYR Group, the right to supervise can indicate an employer-employee relationship between the one having work done and the one conducting the work, but this line of reasoning principally applies to determinations of whether an individual is considered an independent contractor or an employee. See, e.g., McCoy v. Cohen, 149 W. Va. 197, 210-11 (1965). This analysis, as applied to this case, presupposes that Mr. Matheny was performing work for MYR Group either instead of, or in addition to the work he was performing for L.E. Myers. It is undisputed that Mr. Matheny is an employee of L.E. Myers, but in order for Mr. Matheny to also be performing work on behalf of MYR Group, the parent company would have to be considered his "special employer."

An employee of one employer may become the employee of another "special employer" when he is "directed or permitted to

perform services for [the] special employer." Maynard v. Kenova Chemical Co., 626 F.2d 359, 361 (4th Cir. 1980) (per curiam).

> When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation [and, therefore entitled to workers' compensation immunity] only if (a) the employee has made a contract of hire, express or implied, with the special employer; (b) the work being done is essentially that of the special employer; and (c) the special employer has the right to control the details of the work. When all three of the above conditions are satisfied . . . both employers are liable for workmen's compensation.

Id. at 362. Accordingly, even if MYR Group could be said to have exerted some control over Mr. Matheny inasmuch as its employees may have been able to supervise, train him, or direct his compliance with "applicable federal and state rules, regulations, and industry standards," this meets only one criteria of the relevant standard articulated in Maynard. See Proposed Am. Compl. ¶¶ 82, 84. Accordingly, the current record does not support a finding that Mr. Matheny was performing work for MYR Group such that MYR Group can also be considered his employer.

At this time, plaintiff's proposed claim for negligence against MYR Group does not appear to the court to be futile or precluded by workers' compensation immunity. Further, there is no indication that this claim was added in bad faith or is in any way prejudicial to the defendants.

15

### iii. Additional AEP Defendants

Plaintiff seeks to add four American Electric Power-related defendants to his action. These entities are AEP, AEP WV Transmission, AEP Transmission, and AEP Service.

APCo asserts that the proposed addition of other AEP defendants is prejudicial because it would require it to develop new theories of defense and potentially retain additional expert witnesses regarding the involvement of the various entities in the tower project. Def APCo's Resp. at 8-9. APCo further states that the addition of these defendants was dilatory, but also requests that, if plaintiff's motion to amend the complaint is granted, this court enter a new scheduling order to allow for additional discovery in this matter.

As previously noted, the court has determined plaintiff had good cause for his delay in identifying the additional defendants and bringing this motion to amend the complaint. Therefore, even though extensive delay and additional costs can be a source of prejudice to an opposing party, it is within the discretion of the court to allow an amendment and reopen discovery. Ardrey, 798 F.2d at 682; Burton v. Youth Servs. Int'l, 176 F.R.D. 517, 521 (D. Md. Nov. 25, 1997) ("If a party can demonstrate that the amendments are needed . . . or that further

discovery is necessary because of facts justifiably learned for the first time near the end of discovery, a judge should exercise her discretion to reopen discovery and otherwise amend the existing schedule."). But see, Howard v. Inova Health Care Servs., 302 Fed App'x 166, 180-81 (4th Cir. 2008) ("A district court does not abuse its discretion in denying leave to amend if there is 'undue delay' . . . .") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The court finds that adding AEP, AEP WV Transmission, AEP Transmission, and AEP Service to this action is not futile, prejudicial, unduly delayed, or done in bad faith.

## IV. Conclusion

In accordance with the foregoing discussion, it is ORDERED that plaintiff's motion to amend the complaint be, and it hereby is, granted. Plaintiff is directed to file his First Amended Complaint in compliance with this opinion and order by March 12, 2018.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: February 26, 2018

John T. Copenhaver, Jr.
United States District Judge